UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 1 2 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Gary Charles Brestle,       )
                            )
    Plaintiff,              )
                            )
v.                          )   Civil Action No. 17-2289 (UNA)
                            )
Department of Justice,      )
                            )
    Defendant.              )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff sues the Department of Justice ("DOJ") "for intentionally and willfully depriving the federal court system of viewing documents which illustrate clearly . . . that crimes [he] reported in his role as a [DOJ] informant were concealed by [DOJ]." Compl. at 1. Plaintiff contends that as a result of the alleged concealment, he and his family "live in constant fear of retaliation[.]" *Id.* at 2. Plaintiff seeks $10 million in monetary damages. *See id.*

1

Sovereign immunity bars a suit against the United States and its agencies except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). The Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, and the Tucker and Little Tucker Acts, 28 U.S.C. §§ 1491, 1346(a)(2), set out the circumstances in which the United States may be sued for monetary relief. Plaintiff has not stated a cognizable claim to render the United States liable for damages under either Act. As a result, this case will be dismissed for want of subject matter jurisdiction. A separate order accompanies this Memorandum Opinion.

Date: December 12, 2017

United States District Judge